UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **SUZANNE SMITH,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:23-cv-00593-RDP |
| } | |
| **LOUIS DEJOY,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff's Motion to Alter or Amend Judgment. (Doc. # 46). Plaintiff's Motion asks the court, pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure, to alter or amend its Memorandum Opinion and Order of Dismissal (Docs. # 44, 45) granting Defendant's Motion for Summary Judgment. This Motion has been fully briefed and is now under submission. (Docs. # 46, 47, 49). As further discussed below, Plaintiff's Motion (Doc. # 46) is due to be denied.

**I.     Standard of Review**

Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ. P. 59(e); *Serrano v. United States*, 411 F.App'x. 253, 254 (11th Cir. 2011). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert. denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*,

197 F.3d 1116, 1119 (11th Cir. 1999). "Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co. v. SKF USA, Inc.*, 2022 WL 1082395, at *1 (N.D. Ala. Feb. 1, 2022) (quoting *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).

"[A] Rule 52(b) motion is improper when the matter was decided on summary judgment." *Murphree v. Colvin*, 2015 WL 631185, at *1 (N.D. Ala. Feb. 13, 2015); *see also Silva v. Potter*, 2006 WL 3219232, at *2 (M.D. Fla. Nov. 6, 2006) (holding that a "Rule 52(b) motion to amend judgment is improper where the district court enters an order for summary judgment because the findings of fact on a summary judgment motion are not findings in the strict sense that the trial court weighed evidence and resolved disputed factual issues"). This is because Rule 52 specifies that findings under this rule are those "[i]n an action *tried* on the facts without a jury or with an advisory jury." Fed. R. Civ. P. 52(a)(1) (emphasis added). Because this matter was decided on summary judgment, Plaintiff's Motion (Doc. # 46) can proceed only as one to alter or amend judgment under Rule 59.

**II.     Analysis**

Plaintiff brought this action alleging she was subjected to sexual harassment, a hostile work environment, gender discrimination, and retaliation during her employment with the U.S. Postal Service. Plaintiff alleged that during her time as a Sales Service Associate, her female postmaster touched her in a sexual way on four occasions. Plaintiff also alleged that after she complained

about these incidents, she was retaliated against through disciplinary actions that included an Emergency Placement and Removal.

The court found that Defendant was entitled to summary judgment in its favor on all of Plaintiff's claims. (Doc. # 44). Plaintiff now asks the court to reconsider its conclusion that the four alleged touching incidents did not form an ongoing hostile work environment which included Plaintiff's Removal (Doc. # 46 ¶¶ 2-5), that there was no causal connection between Plaintiff's Removal and her protected opposition conduct (*id.* ¶¶ 6-9), and that Defendant's legitimate non-retaliatory reason was not pretextual (*id.* ¶¶ 10-14). The court addresses Plaintiff's arguments below.

A. **Hostile Work Environment**

Plaintiff challenges the court's conclusion that the four untimely alleged touching incidents did not form part of a hostile work environment that included Plaintiff's Removal. (*Id.* ¶¶ 2-5). Plaintiff has already made this argument to the court (Doc. # 36 at 21), and the court addressed it in its memorandum opinion. (Doc. # 44 at 13-14 (concluding that these incidents were untimely and were not sufficiently related to the Removal to form a continuing hostile work environment)).

Once again, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d at 1119. Plaintiff presents no newly-discovered evidence in her Motion, citing only facts from the Rule 56 Record. (*See* Doc. # 46 ¶¶ 3, 5). Plaintiff also has not pointed to any manifest errors of law or fact. Indeed, Plaintiff does not challenge the court's reliance on *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) as the standard for evaluating a continuing hostile work environment claim. (Doc. # 46 ¶ 2). Rather, Plaintiff disagrees with the court's application of law to the facts, citing to facts that the court already evaluated and arguing that the court incorrectly concluded that Lee's (Plaintiff's

3

supervisor) alleged touching incidents and attempts to discipline Plaintiff were not of the same type as Plaintiff's Removal. (*Id.* ¶¶ 2-5).

Plaintiff's Reply also argues that the court committed manifest error by failing to consider the evidence in the light most favorable to Plaintiff, the non-movant. (Doc. # 49 at 2). But this misconstrues the standard for manifest error, which is "an error that is plain and indisputable, and that amounts to a *complete* disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co.*, 2022 WL 1082395, at *1 (emphasis added). At most, Plaintiff challenges whether the court appropriately weighed Rule 56 evidence, which does not amount to a complete disregard of controlling law or credible evidence. Indeed, if every litigant who received an unfavorable summary judgment ruling could challenge the court's evaluation of Rule 56 evidence as "manifest error," courts would have no finality and scarce judicial resources would be wasted. *Rueter*, 440 F. Supp. 2d at 1267 (emphasizing that "reconsideration of an order is an extraordinary remedy").

In any event, despite these clear requirements under the Rule 59 standard, the court has reviewed its analysis of whether the four alleged touching incidents formed part of a hostile work environment that included Plaintiff's Removal. After review, the court again concludes that the alleged touching incidents were not sufficiently related to the Removal to form part of a hostile work environment. To be sufficiently related, incidents must be of the "same type," which includes whether they were similar kinds of actions, whether the specific conduct was repeated, and whether the same individuals engaged in the conduct. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120-21 (2002). The four touching incidents thus do not resemble Plaintiff's Removal, as the timing, frequency, and people allegedly involved in the four touching incidents are distinct from

4

that involved in Plaintiff's Removal. Therefore, not only was there no manifest error in the court's reasoning, there was no error at all.

For these reasons, Plaintiff has not established that she merits an alteration or amendment of judgment on this ground.

### B.     Causal Connection

Plaintiff also challenges the court's conclusion that there was no causal connection between her Removal and her protected opposition conduct. (Doc. # 46 ¶¶ 6-9). Plaintiff already made this argument to the court (Doc. # 36 at 24-28), and the court addressed it in its memorandum opinion. (Doc. # 44 at 19-22 (concluding that there was no evidence of causal connection and that a cat's paw theory was inapplicable)).

Plaintiff again presents no newly-discovered evidence in her Motion, citing only facts from the Rule 56 Record. (Doc. # 46 ¶¶ 6-9). Plaintiff also does not point to any manifest errors of law or fact. Indeed, Plaintiff incorporates the same quote and case law citation to *Bungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) that the court applied in its causal connection analysis. (Doc. # 46 ¶ 6; *see also* Doc. # 44 at 19 (quoting this case)). Plaintiff does so again with *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999). (Doc. # 46 ¶ 8; *see also* Doc. # 44 at 20 (quoting this case)). Rather, Plaintiff merely disagrees with the court's application of law to the facts, citing to facts that the court already evaluated and arguing that the court incorrectly concluded that there was no causal connection between Plaintiff's Removal and her protected opposition conduct. Because Plaintiff has not pointed to any manifest error of law or fact, or to any newly-discovered evidence, Plaintiff has not established that she merits an alteration or amendment of judgment on this ground.

5

In any event, despite these clear requirements under the Rule 59 standard, the court has reviewed its analysis of whether there was any causal connection between Plaintiff's Removal and her protected opposition conduct. After review, the court again concludes that there was no causal connection because her protected activity and her Removal were "wholly unrelated." *Brungart*, 231 F.3d at 799. Plaintiff has not pointed to anything in the Rule 56 record suggesting that Plaintiff's supervisor, Lee, was directly or indirectly involved in the termination decision. There was also insufficient circumstantial evidence of a causal relationship because there was no evidence showing that the actual decisionmakers were aware of Plaintiff's protected conduct. (*See* Docs. # 22-27 at 2-4; 22-22; 22-23 at 2). Additionally, a "cat's paw" theory does not rehabilitate this claim because there is undisputed evidence that one of the decisionmakers conducted an independent investigation before deciding to terminate Plaintiff. (Docs. # 22-22 at 1; 22-23 at 2). Therefore, not only was there no manifest error in the court's reasoning, there was no error at all.

For these reasons, Plaintiff has not established that she merits an alteration or amendment of judgment on this ground.

### C. Legitimate Non-Retaliatory Reason

Plaintiff additionally challenges the court's conclusion that Plaintiff failed to establish that Defendant's legitimate non-retaliatory reason was pretextual. (Doc. # 46 ¶¶ 10-14). Plaintiff has already made it to the court (Doc. # 36 at 22, 25, 27-28), and the court already addressed this argument in its memorandum opinion. (Doc. # 44 at 22-25 (concluding that Plaintiff failed to meet her burden of rebutting the legitimate non-retaliatory reason "head on")).

Plaintiff again presents no newly-discovered evidence in her Motion, citing only facts from the Rule 56 Record. (Doc. # 46 ¶¶ 10-14). Plaintiff also does not point to any manifest errors of law or fact. Indeed, Plaintiff incorporates the same quote and case law citation to *Berry v.*

*Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023) that the court applied in its pretext analysis. (Doc. # 46 ¶ 13; *see also* Doc. # 44 at 23 (quoting this case)). Plaintiff does so again with *Gogel v. Kia Motors Manuf. Of Ga., Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (en banc). (Doc. # 46 ¶ 14; *see also* Doc. # 44 at 23 (quoting this case)). Rather, Plaintiff expresses disagreement with the court's application of law to the facts, citing to facts that the court already evaluated and arguing that the court incorrectly concluded that Defendant's legitimate non-retaliatory reason was not pretextual. Because Plaintiff has not pointed to any manifest error of law or fact, or to any newly-discovered evidence, Plaintiff has not established that she merits an alteration or amendment of judgment on this ground.

In any event, despite these clear requirements under the Rule 59 standard, the court has reviewed its analysis of whether Defendant's legitimate non-retaliatory reason for terminating Plaintiff was pretextual. After review, the court again concludes that it was not pretextual. Plaintiff violated multiple post office standards of conduct during incidents on June 13 and June 18, 2019, supplying a legitimate non-retaliatory reason for her termination. (Docs. # 22-22 at 2; 22-23 at 4). Plaintiff did not carry her burden of creating an issue of fact as to whether this was a pretextual explanation because she did not rebut it head on, did not call the explanation into question, and did not show that retaliation was the real reason for her termination. *See Gogel*, 967 F.3d at 1136. Therefore, not only was there no manifest error in the court's reasoning, there was no error at all.

For these reasons, Plaintiff has not established that she merits an alteration or amendment of judgment on this ground.

**III.    Conclusion**

The court therefore **DENIES** Plaintiff's Motion to Alter or Amendment Judgment. (Doc. # 46).

**DONE** and **ORDERED** this February 3, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE